**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4523**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

SIGMUND DIAOLA JAMES, a/k/a Sig,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   Margaret B. Seymour, Senior District Judge.   (5:08-cr-00944-MBS-1)

_____

Submitted:  November 18, 2013        Decided:  November 26, 2013

_____

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Parks N.  Small,  Federal  Public  Defender,  Columbia,  South Carolina,  for Appellant. William N. Nettles, United States Attorney,  J.D.  Rowell,  Assistant  United  States  Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Sigmund Diaola James of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006); nineteen counts of use of a communication facility in furtherance of a drug trafficking offense, in violation of 21 U.S.C. § 843 (2006); two counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a) (2006); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006); money laundering, in violation of 18 U.S.C. § 1956(a) (2006); and two counts of possession with intent to distribute cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860 (2006). The district court originally sentenced James to life imprisonment. In his first appeal, James challenged the district court's denial of his suppression motion, the court's use of a cross-reference for murder as relevant conduct under the Sentencing Guidelines, and the proportionality of the sentence to his offenses. We affirmed the convictions, but vacated the sentence and remanded for resentencing as we concluded that the district court erred in applying the cross-reference for murder under the Guidelines. See United States v. Sellers, 512 F. App'x 319, 330-32 (4th Cir.) (unpublished), cert. denied, 133 S. Ct. 2786 (U.S. 2013).

2

Prior to the resentencing hearing, James filed several objections to the presentence report, including objections to the drug weight; enhancements for his role in the offense and possession of a firearm; and the failure to reduce the applicable offense level for James' acceptance of responsibility. The district court, however, declined to conduct a de novo sentencing hearing and adopted its previous findings on the issues that James had raised at the original sentencing hearing. The court then again sentenced James to a total of life imprisonment and James now appeals. For the reasons that follow, we affirm.

James argues on appeal that the district court erred in failing to conduct a de novo resentencing hearing and failing to consider his Guidelines challenges, as this court's mandate did not indicate a limited remand. "We review de novo the district court's interpretation of the mandate." United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012). "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." Id. Where a remand for resentencing fails to impose any further limitations, "resentencing may proceed de novo, constrained only by the constitutional bar against vindictiveness, . . . the controlling statutes, and the

3

Sentencing Guidelines." United States v. Broughton-Jones, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995) (citing United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993)).

However, the mandate rule also prohibits "litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Susi, 674 F.3d at 283 (citation omitted). Moreover, under the mandate rule, "any issue that could have been but was not raised on appeal is waived and thus not remanded." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks and citations omitted); see also S. Atl. Ltd. P'ship of Tenn. v. Riese, 356 F.3d 576, 583 (4th Cir. 2004) (mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived") (internal quotation marks and citation omitted).

Here, the issues James sought to raise on resentencing were all waived. With respect to his challenges to the drug weight and the firearm enhancement, he raised those challenges at the first sentencing hearing, but failed to raise them on appeal. They were thus not remanded to the district court. See Chao, 511 F.3d at 465. In addition, James failed to raise the remaining issues at the first sentencing hearing and likewise failed to raise them on appeal. Those arguments were therefore also waived. See Susi, 674 F.3d at 283. We thus conclude that

4

the district court did not err in declining to consider those arguments on resentencing following this court's remand of the sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED